UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LYDIA BALL-ARTHUR | CIVIL ACTION |
| VERSUS | NO. 24-1462 |
| CVS PHARMACY, INC., ET AL. | SECTION A(2) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 8)** filed by Plaintiff, Lydia Ball-Arthur. Defendants, CVS Pharmacy, Inc., Louisiana CVS Pharmacy, LLC, and Cypress Winds Associates, LLC, oppose the motion. The motion, noticed for submission on August 7, 2024, is before the Court on the briefs without oral argument.

This suit arises out of an incident that occurred at a CVS store on May 14, 2023, in Metairie, Louisiana. Plaintiff alleges that she was injured when a damaged or faulty cart corral collapsed when she leaned against it. (Rec. Doc. 4-2, Petition ¶¶ III, IV). Plaintiff filed suit in state court. Her petition recites the typical list of personal injury damages. (*Id.* ¶ XXII).

Defendants removed the suit to this Court alleging diversity jurisdiction.

Plaintiff now moves to remand the suit to state court arguing that Defendants have not met their burden to establish that the amount in controversy requirement is met. *See* 28 U.S.C. § 1332(a)(3) (providing original subject matter jurisdiction where the matter in controversy exceeds the sum of $75,000 and the matter is between citizens of different states).

In *Luckett v. Delta Airlines, Inc.,* the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the

federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

If it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

The Notice of Removal sets forth no facts in controversy to support a finding that the jurisdictional amount for federal subject matter jurisdiction is satisfied. This is not surprising since the case was removed based solely on the allegations contained in the petition, (Rec. Doc. 4, Notice of Removal ¶ 14), and the fact that the plaintiff's attorney stated in a telephone conversation that the plaintiff had already undergone "a substantial amount of treatment," (*Id.* ¶ 11). What that "substantial" treatment might be, what it was for, and whether it was ongoing is not clarified.

Again, the petition recites the typical list of personal injury damages but alleges no lost wages or any indication of permanent injury. The petition does not refer to the specific part of the plaintiff's body that was injured, it does indicate that she left the store in an ambulance, or sought emergency treatment of any kind. In other words, the petition contains no *factual* allegations that

support a finding that the amount in controversy based on the categories of damages alleged—which again are typical of a personal injury case—exceeds $75,000.00.

Furthermore, the defendants' case for removal relies far too heavily on the plaintiff's refusal to execute a binding stipulation that the amount in controversy does not exceed $75,000.00. In a closer situation, the plaintiff's refusal to execute such a binding stipulation would have more probative value. But given that it is not facially apparent from the petition that the plaintiff's claims exceed $75,000.00, and not even a close call, the plaintiff's disinclination to assist the defendants in obtaining a federal forum does relieve them of the burden of proof that lies solely with them.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 8)** filed by Plaintiff, Lydia Ball-Arthur, is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

August 28, 2024

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE